UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT KINANN, et al.,

      Plaintiffs,

      v.

CENTEX HOME EQUITY COMPANY, et al.,

      Defendants.

_____/

No. C 10-2608 PJH

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

      The court is in receipt of plaintiffs' motion for a temporary restraining order filed on June 14, 2010. Having read plaintiff's papers and carefully considered the arguments therein, the court hereby DENIES plaintiffs' motion for temporary restraining order.

      Preliminarily, it is unclear from the papers whether plaintiffs' request for a temporary restraining order proceeds on an ex parte basis. No proof of service of the summons and complaint or of the application for a temporary restraining order has been filed and no defendant has entered an appearance. The substance of plaintiffs' request does not specifically state whether relief is sought ex parte. Assuming plaintiffs proceed on an ex parte basis, plaintiffs' initial request is devoid of any declaration that complies with the requirements of Federal Rule of Civil Procedure ("FRCP") 65 – a necessary prerequisite before a temporary restraining order may be issued on an ex parte basis. See Fed. R. Civ. P. 65(b) (plaintiff must file an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and furthermore, a written certification by the plaintiff's attorney of the "efforts made to give service and the reasons

why it should not be required"). Accordingly, plaintiffs' ex parte request for a temporary restraining order, having failed to satisfy the requisite procedural requirements, must be denied.

The court furthermore notes that denial of plaintiffs' request is also warranted because, even assuming that plaintiffs had satisfied the procedural requirements for issuance of a temporary restraining order on an ex parte basis, plaintiffs have nonetheless failed to establish in their brief and sketchy application that they are likely to succeed on the merits of any of the twenty causes of action alleged in their complaint or that they are likely to suffer irreparable harm in the absence of temporary injunctive relief as required by Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The application states only that the defendants are "attempting to unlawfully take possession of Plaintiff's property." The court assumes that by this language plaintiffs are implying that foreclosure and perhaps a foreclosure sale is imminent, but it is not clear that a sale is actually scheduled nor is the date that it is scheduled set forth in either the complaint or application. The complaint also does not provide any specifics from which the court can discern exactly the action which plaintiffs seek to have enjoined. For example, the complaint provides simply that, "Defendants have commenced (or are planning to commence) a foreclosure action under the Note and have scheduled (or will schedule) a non-judicial sale. Said sale will cause Plaintiffs great and irreparable injury in that real property is unique." Complaint ¶ 43. Plaintiffs' conclusory argument in their application that they have "established the probable validity of [Plaintiffs'] claim to possession of" the property in question, on the basis of numerous "violations of Federal and State statutes involving the illegal practices of Defendants in regard to a loan repayment agreement with [Plaintiffs]," is plainly insufficient to warrant the extraordinary relief of a temporary restraining order without notice to the parties restrained.

Because plaintiffs' "ex parte" request for a temporary restraining order has failed to satisfy the procedural requirements of FRCP 65, or additionally meet the requisite

substantive legal standard, plaintiffs' request is accordingly hereby DENIED. If for any reason plaintiffs wish to proceed with a hearing on a motion for preliminary injunction plaintiffs may simply file the motion and notice it for hearing on a 35 day briefing schedule as permitted by the local rules. Plaintiffs shall serve the complaint and summons in addition to such motion, on each defendant.

**IT IS SO ORDERED.**

Dated: June 15, 2010

PHYLLIS J. HAMILTON
United States District Judge