United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT KINANN, et al.,

    Plaintiffs,

    v.

CENTEX HOME EQUITY COMPANY, et al.,

    Defendants.
_____/

No. C 10-2608 PJH

**ORDER RE LIS PENDENS APPLICATION AND MOTION TO DISMISS**

    The court is in receipt of plaintiff Robert Kinann's application for approval of lis pendens, and his simultaneously filed motion to dismiss Aileen Kinann as plaintiff. By way of the former, plaintiff seeks to overcome deficiencies noted by the court when it denied plaintiff's previous application for approval of lis pendens on July 16, 2010. By way of the latter, plaintiff moves to dismiss named plaintiff Aileen Kinann from the action.

    With respect to plaintiff's application for approval of lis pendens, the court has reviewed the docket, and notes that, while a summons was duly issued with respect to defendants All Fund Mortgage, Centex Home Equity Company, and Fidelity National Title Company, no proof of service regarding the summons has yet been filed with respect to any defendant (although defendant Fidelity recently noticed a motion to dismiss to be heard on October 27), as required by Federal Rule of Civil Procedure 4(l)(1). While plaintiff's application for approval of lis pendens cures the deficiencies noted by the court in its July 16 order in that it invokes proper legal authority authorizing the court to sign plaintiff's application for lis pendens, the court declines to approve plaintiff's application until a proof of service has been filed with respect to service of the summons and complaint on each defendant, affirmatively demonstrating the pending status of the present action with respect

to each party against whom plaintiff seeks to record the lis pendens.  See also Cal. Civ. Proc. § 405.21, cmt. n. 3 (noting court's duty to review a lis pendens application is intended to "avoid[] abuse" of lis pendens procedures).  Accordingly, no action will be taken with respect to plaintiff's application for lis pendens until such time as plaintiff has complied with Rule 4(l)(1).

      With respect to plaintiff's motion to dismiss Aileen Kinann as co-named plaintiff, plaintiff's motion is devoid of Ms. Kinann's signature, and is signed by plaintiff Robert Kinann alone.  As such, the motion may not be construed as a valid request for voluntary dismissal.  Moreover, to the extent plaintiff must therefore seek a hearing on his motion, plaintiff's motion to dismiss has not been properly noticed in accordance with Civil Local Rule 7-2.  Thus, the motion is procedurally improper and is DENIED on this ground.  If plaintiff wishes to re-file his motion to dismiss, he must re-notice the motion in compliance with the local rules.  Of course, Ms. Kinann may herself voluntarily dismiss her claims against defendants.

**IT IS SO ORDERED.**

Dated: September 2, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge